IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Michael Marsh, | ) | C/A No. 3:10-3071-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Tufa Jerome Iuvale, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Anthony Michael Marsh ("Plaintiff"), proceeding *pro se*, filed a complaint on December 2, 2010. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. In an order filed contemporaneously with this Report and Recommendation, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) under 28 U.S.C. § 1915(a) has been granted. Therefore, this case is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). A review of the Complaint reveals the absence of factual allegations that establish federal jurisdiction, so this action must be dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

*PJG*

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A court may also dismiss a case *sua sponte* for lack of jurisdiction or under Rule 41 of the Federal Rules of Civil Procedure. Link v. Wabash R.R. Co., 370 U.S. 626 (1962).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

*PJG*

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff files suit against an individual he claims stole his identity by giving a law enforcement officer Plaintiff's name and date of birth during a traffic stop in Florida, for which a speeding ticket was issued in Plaintiff's name. (ECF No. 1 at 4.) The ticket was never paid, and subsequently, Plaintiff was arrested for driving under suspension in Columbia, South Carolina, where both parties currently reside. Plaintiff claims that "[a]fter years of the defendents neglegence," [*sic*] the defendant "admitted to the plaintiff in December of 2009 of his unlawful actions." (Id.) The Complaint fails to allege facts that invoke federal court jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895). Accordingly, a federal court



is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff has the responsibility for establishing that the court has jurisdiction in this case, as "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The instant Complaint alleges the Defendant used Plaintiff's name and date of birth, "violating both U.S. State and Federal laws against identity theft, falling under the categories of Section 1028 Title 18 Part I chapter 47 of the US Code." (ECF No. 1 at 4.) Inasmuch as Plaintiff attempts to establish federal jurisdiction in this civil lawsuit based on Title 18 of the U.S. Code, which delineates crimes and criminal procedure, he fails. The government enforces criminal statutes within criminal cases, and individuals in civil cases cannot enforce criminal statutes. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)



("No citizen has an enforceable right to institute a criminal prosecution."). A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," so a criminal statute that only establishes a crime and punishment cannot be the basis for subject matter jurisdiction in a civil action. Linda R. v. Richard V., 410 U.S. 614, 619 (1973). The reference to 18 U.S.C. § 1028 in the Complaint cannot establish jurisdiction in this civil action.[1]

To the extent Plaintiff's allegations can be construed to set forth causes of action based on state law, such as negligence, they fail to establish federal jurisdiction. Federal courts have the discretion to hear and decide state law claims in conjunction with federal law claims, through the exercise of "supplemental jurisdiction." 28 U.S.C. § 1367; Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 387 (1998). Plaintiff has not asserted cognizable claims based on federal law, so this court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. See Lovern, 190 F.3d at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). A civil action for Plaintiff's state law claims could also be cognizable in this Court under the diversity statute, if that statute's requirements were satisfied. See 28 U.S.C. § 1332(a). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Id. Complete diversity of parties in a case means that no party on one side

---

[1] If Plaintiff is seeking to have this court initiate criminal proceedings against the defendant, this court cannot do so. Prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992).



may be a citizen of the same State as any party on the other side.  See Owen Equipment

& Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  The Complaint indicates that both

parties reside in South Carolina, therefore this court does not have jurisdiction under the

diversity statute in this case.

The Complaint fails to establish subject matter jurisdiction in this court and therefore

the case must be dismissed.  Fed. R. Civ. P. 12(h)(3).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this matter be dismissed

without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).