IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Michael Marsh, ) | C.A. No. 3:10-3071-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | |
| ) | |
| Tufa Jerome Iuvale, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on February 7, 2011. Dkt. No. 10. For the reasons set forth below, the Report is adopted and this action is dismissed for lack of subject matter jurisdiction. This dismissal is, therefore, without prejudice to refiling in an appropriate (non-federal) jurisdiction.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks damages for alleged identity theft. Specifically, he alleges that an acquaintance gave Plaintiff's name and date of birth to law enforcement authorities during a traffic stop in Florida. This resulted in issuance of a ticket in Plaintiff's name, which ticket was never paid, leading to Plaintiff's arrest for driving under suspension.

The Report recommended that the matter be dismissed without prejudice and prior to service of process because this court lacks subject matter jurisdiction over the dispute. This is because the federal criminal statutes on which Plaintiff relies do not provide for a civil remedy for identity theft. There are, moreover, no allegations to support the exercise of diversity jurisdiction or any other basis for asserting federal subject matter jurisdiction.[1]

Plaintiff was advised of his right to object to this recommendation. He did not file any objection despite passage of the time allowed for doing so. The court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the Report in full.

**CONCLUSION**

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice to refiling of the action in a proper (non-federal) forum.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 28, 2011

---

[1] The complaint reveals that Plaintiff and Defendant both reside in South Carolina.

2